UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 7:22-CR-10-REW-EBA-1 |
| v. ) | |
| ) | ORDER |
| MICHAEL NOLAN SLONE, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court must consider the Report and Recommendation (DE 34) of United States Magistrate Judge Edward B. Atkins, addressing whether Defendant Michael Nolan Slone is competent to stand trial under 18 U.S.C. § 4241. *See* DE 13 (Defendant's Motion); DE 32 (Minute Entry for Competency Hearing). In June of 2022, Slone moved for an examination of his trial competency and to explore his mental capacity at the time of the offenses alleged in the Indictment. *See* DE 14; DE 15 (Defendant's Response); *see also* Fed. R. Crim. P. 12.2. Judge Atkins granted that motion, DE 18 (Order), and Dr. Kristen Schramm, Psy.D., a Forensic Psychologist, conducted a custodial evaluation, DE 28 (Sealed Psychiatric Report). Dr. Schramm concluded that Slone is competent to stand trial. *See* DE 28 at 12. That is the only subject matter at issue in this Order.

With Dr. Schramm's report available to the parties, Judge Atkins conducted a competency hearing. *See* DE 32 (Minute Entry). The parties stipulated to the admissibility of Dr. Schramm's report, her conclusions, and her qualifications. *See* DE 34 at 1. Upon completing that hearing, Judge Atkins recommended that the Court find Slone competent to proceed, based on Dr. Schramm's psychiatric evaluation. *Id*. at 3. Judge Atkins noted that neither party objected to

1

Dr. Schramm's report and Defense counsel did not provide any observations to conflict with the Report's competency conclusion. *Id*. The recommendation, filed on November 14, 2022, advised the parties that any objections must be filed within three (3) business days of its entry. *Id*. at 4. Slone, through counsel, stated his intention to waive any objections, and the Government consented to the shortened objection period. *Id*. The objection period has lapsed, and neither party has objected. Judge Atkins correctly stated the standard and questions presented, and he followed the proper procedures under § 4241 and § 4247.

This Court reviews *de novo* those portions of the Recommended Disposition to which a party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* Fed. R. Civ. P. 59; *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party that fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has assessed the full record and Judge Atkins's thorough recommendation. His recommendation relies significantly on Dr. Schramm's unopposed report. *See* DE 34 at 2-3. That detailed report applied the *Dusky* and statutory standards faithfully, finding that "Mr. Slone is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." *See* DE 28 at 12. To reach her conclusion, Dr. Schramm

conducted several clinical interviews and mental status examinations with Slone, observed his behavior at FMC Lexington, used the Revised Competency Assessment Instrument (RCAI), and supplemented her findings with independent observations from staff at FMC Lexington. *Id* at 4. Dr. Schramm carefully walked through the factual and rational arms of *Dusky* and made her nuanced points on Slone's problems or status relative to the competency standard. Her expert analysis stands alone in the record.

Ultimately, Dr. Schramm determined that Slone suffers from amphetamine-type stimulant use disorder, in a controlled environment. *See* DE 28 at 11. The specifier "in a controlled environment" is used to indicate that Slone is currently in an environment where his access to alcohol and illicit substances is restricted. *Id*. Outside of this environment, Slone is at a high risk for relapse without treatment. *Id*. While Slone reported suffering from a myriad of disorders,[1] his unwillingness to cooperate with the evaluation prevented Dr. Schramm from confirming any of these diagnoses. *Id*. Dr. Schramm opined that "Mr. Slone may be experiencing subclinical adjustment symptoms due to his present situation; however, any genuine symptoms experienced by the defendant are not severe enough to constitute a diagnosis of a mental disease or defect and are not resulting in distress or functional impairment." *Id*. Further, "there is no indication that his symptoms would interfere with his ability to understand the court system or to rationally assist an attorney." *Id*. Dr. Schramm concluded without equivocation that "Mr. Slone is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." *Id*.

---

[1] Slone reported diagnoses of autism spectrum disorder, schizophrenia, depression, bipolar disorder, posttraumatic disorder, and anxiety. *See* DE 28 at 12.

In sum, to quote Judge Atkins, "the Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence." *See* DE 34 at 3. The defense stipulated to the report and its findings. *Id*. at 1. Judge Atkins received no contrary information. *Id*. at 3. The lone supported conclusion under the statute is competency. Slone my choose to be difficult or obtuse, but that is not equivalent to being incompetent.

Accordingly, the Court **ADOPTS** the Report and Recommendation (DE 34) and **FINDS** Slone competent to face further proceedings in this matter, including trial. The parties **SHALL FILE** a joint report by **December 13, 2022**, indicating trial readiness, trial length, any time needed for full preparation, and any other status matter of note. The Court will then reset the trial date.

This the 29th day of November, 2022.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge